James H. O'Donnell *vs.* J. Ellis White, City Treasurer.

PROVIDENCE—NOVEMBER 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Municipal Corporations. Highways. Trespass.*

A municipal corporation is not liable for a trespass by its servants upon land of plaintiff unless such acts were expressly authorized, or ratified, or done in good faith pursuant to some general authority given.

(2) *Municipal Corporations. Trespass. Establishment of Grade.*

For an original establishment of grade an abutting owner is not entitled to compensation.

(3) *Municipal Corporations. Escape of Surface Water.*

For the escape of the natural flow of surface water from a highway onto adjacent land, by reason of the filling in of the highway, no action will lie.

TRESPASS ON THE CASE. The facts are stated in the same case, reported in 23 R. I. 318. Heard on petition of defendant for new trial, and petition granted.

STINESS, C. J. The defendant's petition for a new trial must be granted, on several grounds.

(1) 1. If the plaintiff's testimony shows anything in the nature of a trespass upon his premises, it is the willful act of the ser-

vants of the city in filling in dirt upon his land against his remonstrance.

A municipal corporation is not liable for the acts of its officers, though done under color of authority, unless such acts were expressly authorized, or ratified, or done in good faith pursuant to some general authority given. *Donnelly* v. *Tripp*, 12 R. I. 97 ; *Horton* v. *Newell*, 17 R. I. 571. No such authority is shown.

(2)    2. The damage claimed by the plaintiff arose from filling the streets on which his premises abutted, but it is not shown that the filling was caused by a change of grade from one previously established.

For an original establishment of grade an abutting owner is not entitled to compensation. *Aldrich* v. *Board of Aldermen of Providence*, 12 R. I. 241.

(3)    3. There is no testimony to show that the city of Pawtucket collected water from other points and turned it upon the plaintiff's land. *Inman* v. *Tripp*, 11 R. I. 520.

For the escape of the natural flow of surface water from a highway onto adjacent land no action will lie. *Wakefield* v. *Newell*, 12 R. I. 75 ; *Almy* v. *Coggeshall*, 19 R. I. 549.

4. The exception taken by the defendant to the ruling, if we understand it correctly, that the city was liable for damage caused by water from the street that flowed upon the plaintiff's land, by reason of the filling, which otherwise would not have gone there, is sustained.

This is not in accordance with the decisions cited above.

5. The evidence does not show any breach of duty which the city owed to the plaintiff, and hence he shows no ground for a recovery. *Smith* v. *Tripp*, 13 R. I. 152 ; *Pierce* v. *Tripp*, 13 R. I. 181.

Petition for new trial granted.

*Hugh J. Carroll*, for plaintiff.

*Edward W. Blodgett*, for defendant.